HILTON INN NORTH, Petitioner,
Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,
Cross-Petitioner.

Nos. 86–5472, 86–5576.

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1987.
Decided May 4, 1987.

---

Spencer M. Youell, argued, James S. Mowery, Jr., Worthington, Ohio, for Hilton Inn North.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., James M. Darby, W. Christian Schumann, Corinna Metcalf, argued, Emil C. Farkas, Director, N.L.R.B., Region 9, Cincinnati, Ohio, for N.L.R.B.

Before JONES, KRUPANSKY and BOGGS, Circuit Judges.

PER CURIAM.

The petitioner Hilton Inn North (the petitioner or Hilton), a Columbus, Ohio hotel, petitioned for review and respondent National Labor Relations Board (the NLRB or the Board) applied for enforcement of a Board order in this unfair labor practice determination. The critical factual issues in the administrative proceeding and on appeal to this court were whether Hilton and the union had reached a final agreement concerning the terms of a collective bargaining agreement by May of 1985 and whether Hilton's refusal to thereafter execute the agreement constituted an unfair labor practice.

The record disclosed that, over a time period spanning more than a year, the bargaining agent for Hilton and the representatives of the union had, through protracted negotiations, reached accord on the critical terms of a collective bargaining agreement. On August 29, 1984, the union representatives executed a final written agreement submitted by Hilton's negotiator for signature. Subsequently, Hilton's representatives avoided signing the contract, but rather attempted over an extended period of time to effect various modifications in the contractual terms which had previously been considered and disregarded by both parties prior to the union's execution of the contract on August 29, 1984.

The administrative law judge (ALJ) determined that Hilton had committed an unfair labor practice by virtue of its facially apparent delaying tactics in refusing to execute a contract incorporating the material terms of the collective bargaining agreement which had been agreed upon during the lengthy negotiations. The Board in a published decision affirmed the ALJ's factual findings and conclusions and adopted his recommended order. *Hilton Inn North*, 279 N.L.R.B. No. 9 (1986). Having examined the administrative record on appeal in its entirety and having considered the briefs and arguments of the parties, this court cannot conclude that the Board's disposition lacked substantial evidence on the record as a whole. Accordingly, for the reasons articulated in its published decision, the Board's application for enforcement of its order is hereby GRANTED and Hilton's petition for review is hereby DENIED.